UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROWN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Crim. Case No. 92-CR-81127-40

HON. AVERN COHN

**<u>ORDER CONSTRUING PETITIONER'S PETITION FOR INDEPENDENT ACTION
PURSUANT TO FED. R. CIV. P. 60(b)
AS A SECOND MOTION UNDER 28 U.S.C. § 2255
AND
TRANSFERRING CASE TO COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

I.

This is a criminal case. It has a long procedural history complicated by Petitioner's numerous filings. In 1995, Petitioner was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to life imprisonment. Petitioner filed a direct appeal with the Court of Appeals for the Sixth Circuit, challenging his conviction and sentence on several grounds. The Sixth Circuit affirmed his conviction and sentence. <u>United States v. Brown</u>, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. <u>Brown v. United States</u>, No. 00-7007

(Dec. 11, 2000).

Petitioner then filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, that his CCE conviction was unconstitutional, and various deficiencies in the indictment. The Court denied the motion. See Memorandum and Order filed April 26, 2002. The Court also denied a certificate of appealability. See Order filed May 14, 2002. Petitioner then filed a motion under Fed. R. Civ. P. 59(e), and a motion for independent action which were denied. See Orders filed October 31, 2002 and October 20, 2003. The Court denied a certificate of appeability with respect to Petitioner's motion for independent action. See Order filed March 9, 2004. The appeal is now pending in the Sixth Circuit.

II.

Now before the Court is Petitioner's paper styled "Independent Action Pursuant to Rule 60(b) In Light of Crawford v. Washington, ..." As best as can be gleaned from the papers, Petitioner seeks relief from the Court's evidentiary ruling at trial on the grounds that it violates the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), issued years after Petitioner's trial.

In Abdur'Rahman v. Bell, 342 F.3d 174 (6th Cir. 2004), the Court of Appeals for the Sixth Circuit held that "a Rule 60(b) motion should be treated as a second or successive habeas petition only if the factual predicate in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction."

Here, it is clear that Petitioner is directly challenging the constitutionality of his conviction in that he argues that his constitutional rights were violated when the Court made an evidentiary ruling which he claims is now contrary to a Supreme Court decision. In such a circumstance, Petitioner's motion is properly construed as a motion

under § 2255.

### III.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence.  28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997).  Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631.  Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)).  Under the AEDPA, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court transfers this matter to the Sixth Circuit Court of Appeals under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255.

SO ORDERED.

Dated:  May 25, 2005

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2005, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160

3