UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROWN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Crim. Case No. 92-CR-81127

HON. AVERN COHN

## ORDER TRANSFERRING PETITIONER'S MOTION UNDER RULE 60(b) TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

I.

This is a criminal case. It has a long procedural history complicated by Petitioner's numerous filings. In 1995, Petitioner was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Petitioner was sentenced to life imprisonment. Petitioner filed a direct appeal with the Court of Appeals for the Sixth Circuit, challenging his conviction and sentence on several grounds. The Sixth Circuit affirmed his conviction and sentence. United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Petitioner then filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, that his CCE conviction was unconstitutional, and various deficiencies in the indictment. The Court denied the motion. See Memorandum and Order filed April 26, 2002. The Court also denied a certificate of appealability. See Order filed May 14, 2002. Petitioner then filed a motion under Fed. R. Civ. P. 59(e), and a motion for independent action which were denied. See Orders filed October 31, 2002 and October 20, 2003. The Court denied a certificate of appeability with respect to Petitioner's motion for independent action. See Order filed March 9, 2004. The appeal is now pending in the Sixth Circuit.

II.

Petitioner then filed a paper styled "Independent Action Pursuant to Rule 60(b) In Light of Crawford v. Washington, ..." As best as could be gleaned from the papers, Petitioner sought relief from the Court's evidentiary ruling at trial on the grounds that it violates the Supreme Court's decision in Crawford v. Washington, 541 U.S. 31 (2004), issued years after Petitioner's trial. The Court determined, under Abdur'Rahman v. Bell, 342 F.3d 174 (6th Cir. 2004), that the motion should be treated as a second or successive habeas petition because Petitioner was directly challenging the constitutionality of his conviction in arguing that his constitutional rights were violated when the Court made an evidentiary ruling which he claims is now contrary to a Supreme Court decision. The Court then transferred the case to the Sixth Circuit for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255. See Order filed May 25, 2005.

Petitioner then asked for reconsideration. The Court, under the authority of Castro v. United States, 540 U.S. 375 (2003), granted reconsideration and gave Petitioner notice of its intent to recharacterize Petitioner's motion as a second motion under § 2255 and an opportunity to amend or withdraw the motion. See also In re Shelton, 95 F.3d 620,622 (6th Cir. 2002).

Petitioner has now filed a "Motion to Amend Independent Action in Light of Crawford v. Washington." The Court has read Petitioner's paper and determines that because Petitioner continues to challenge the constitutionality of his conviction, his amended filing must be construed as a second motion under § 2255. See Abdur'Rahman v. Bell, 342 F.3d 174 (6th Cir. 2004).

III.

Before a successive motion to vacate sentence is filed in a federal district court, a Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. 28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631. Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)). Under the AEDPA, a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court transfers this matter to the Sixth Circuit Court of Appeals

under 28 U.S.C. § 1631 for a determination of whether Petitioner is entitled to a certificate of authorization to file a successive motion to vacate sentence under 28 U.S.C. § 2255.

SO ORDERED.

Dated:  July 20, 2005

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 20, 2005, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160