UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No. 92-CR-81127

D-40, GREGORY BROWN,                    HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING
## MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582(c)

I.

This is a criminal case. In 1997, defendant was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Defendant was sentenced to life imprisonment.

Before the Court is defendant's motion to reduce or modify sentence under 18 U.S.C. § 3582(c). For the reasons that follow, the motion is DENIED.

II.

This case has a long procedural history, complicated by defendant's numerous filings which will not be repeated here.

III.

Under 18 U.S.C. 3582(c)(2), the Court may not modify a sentence after it has been imposed unless the "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Defendant argues that he should be sentenced based on a 2006 amendment to the application notes of U.S.S.G. § 2A1.1.[1] Defendant says that the application notes make clear that a sentence of life imprisonment may only be imposed where a defendant is found to have intentionally killed or caused the death of the victim. The government says defendant's interpretation is incorrect, the sentencing range has not been changed, and the amendment merely changed the structure of the application notes, not the substance. The Court agrees. As the government points out, both versions of the application notes state that a court may consider a defendant's state of mind, the degree of risk inherent in the conduct, and the nature of the underlying offense conduct in determining a departure. Because there has been no change to the sentencing guidelines used to determine defendant's sentencing range, defendant is not entitled to relief under § 3582(c).

SO ORDERED.

Dated: November 29, 2007      s/Avern Cohn
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE

---

[1] This guideline provision calls for a sentence of life imprisonment in a case of premeditated killing or where death results from the commission of certain felonies.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Gregory Brown, #07163-041, FCI Memphis, P.O. Box 34550, Memphis, TN 38184 on this date, November 29, 2007, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160