UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No. 92-CR-81127

D-40, GREGORY BROWN,                  HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

I.

This is a criminal case. In 1997, defendant was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Defendant was sentenced to life imprisonment.

Before the Court is defendant's motion to reduce or modify sentence under 18 U.S.C. § 3582(c).[1] For the reasons that follow, the motion is DENIED.

---

[1] This is defendant's second motion under § 3582(c)(2). In his first motion, defendant argued that he should be sentenced based on a 2006 amendment to the application notes of U.S.S.G. § 2A1.1 which calls for a sentence of life imprisonment in a case of premeditated killing or where death results from the commission of certain felonies. The Court denied the motion on the grounds that both versions of the application notes state that a court may consider a defendant's state of mind, the degree of risk inherent in the conduct, and the nature of the underlying offense conduct

II.

Under 18 U.S.C. 3582(c)(2), the Court may not modify a sentence after it has been imposed unless the "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."

Defendant relies on Amendment 706 of the Sentencing Guidelines which lowered many of the offense levels applicable to possession or distribution of crack cocaine. Defendant, however, was sentenced based on his involvement with a drug-related murder, not because of his offense related to crack cocaine. As such, Amendment 706 does not affect the guidelines applicable to his sentence. As the government explains:

> The base offense level for a violation of 21 U.S.C. § 848(e)(1)(A), the intentional killing, was 43 at the time Brown was sentenced and it has not been lowered by the Sentencing Commission. Neither has the cross-reference in 2D1.1(d)(1) been altered. That cross-reference requires the use of the first degree murder guideline (2A1.1), rather than the guideline based on the type and quantity of drugs involved in a drug distribution offense, when a victim is killed in circumstances that would constitute murder.

Government's response at p. 2.

Dated: June 11, 2008    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

---

in determining a departure. Because there had been no change to the sentencing guidelines used to determine defendant's sentencing range, the Court determined defendant was not entitled to relief under § 3582(c). See Order filed November 29, 2007. The Court also denied defendant's motion for reconsideration. See Order filed January 3, 2008.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Gregory Brown, Reg No 07163-041, FCI Memphis, Box 34550, Memphis, TN 38184 and the attorneys of record on this date, June 11, 2008, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160