UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               Case No. 92-CR-81127

D-40, GREGORY BROWN,                            HON. AVERN COHN

    Defendant.
_____/

## ORDER CONSTRUING DEFENDANT'S MOTION TO RESCIND ORDER DENYING MOTION UNDER 18 U.S.C. § 3582(c)(2) AS A MOTION FOR RECONSIDERATION
## AND
## ALLOWING DEFENDANT TO FILE A SUPPLEMENTAL BRIEF WITHIN TEN (10) DAYS FROM RECEIPT OF THIS ORDER

This is a criminal case with a long procedural history. In 1997, defendant was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Defendant was sentenced to life imprisonment.

On March 3, 2008, defendant filed a motion to reduce or modify sentence under 18 U.S.C. § 3582(c).[1] Defendant argued that Amendment 706 of the Sentencing

---

[1]This was defendant's second motion under § 3582(c)(2). In his first motion, filed October 27, 2007, defendant argued that he should be sentenced based on a 2006 amendment to the application notes of U.S.S.G. § 2A1.1 which calls for a sentence of life imprisonment in a case of premeditated killing or where death results from the commission of certain felonies. The Court denied the motion. See Order filed

1

Guidelines which lowered many of the offense levels applicable to possession or distribution of crack cocaine, applied to him. The Court denied the motion on the grounds that defendant was sentenced based on his involvement with a drug-related murder, not because of his offense related to crack cocaine; therefore Amendment 706 does not affect the guidelines applicable to his sentence. See Order Denying Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), filed June 11, 2008.

Before the Court is defendant's Motion to Rescind the Court's Order Denying Defendant's Motion under 18 U.S.C. § 3582(c), which defendant signed and dated on June 18, 2008. Defendant asserts that he never received a copy of the government's response and therefore did not have an opportunity to file a reply brief. Assuming defendant is correct,[2] the better course is to treat defendant's motion as a motion for reconsideration rather than rescind the Court's order. Defendant can then file a supplemental brief, replying to the government's response. A copy of the government's response is attached to this order. Defendant shall file his supplemental brief within ten (10) days of receipt of this order

SO ORDERED.


Dated: July 9, 2008         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

---

November 29, 2007. The Court also denied defendant's motion for reconsideration. See Order filed January 9, 2008. Defendant has appealed this order.

[2]The Court notes that the government's response contains a certificate of service which indicates a copy of the response was mailed to defendant at the same address (a correctional facility in Memphis, Tennessee) which appears on the envelope from defendant that contains the instant motion.

**92-81127-40 USA v. Gregory Brown**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Gregory Brown, Reg No 07163-041, FCI Memphis, Box 34550, Memphis, TN 38184 and the attorneys of record on this date, July 9, 2008, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                            Case Manager, (313) 234-5160