UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                 Case No. 92-CR-81127

GREGORY BROWN,                                                HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

I.

This is a criminal case. In 1997, defendant was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Defendant was sentenced to life imprisonment. As will be explained, before the Court is defendant's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

On March 3, 2008, defendant filed a motion to reduce or modify sentence under 18 U.S.C. § 3582(c).[1] Defendant argued that Amendment 706 of the Sentencing

---

[1]This was defendant's second motion under § 3582(c)(2). In his first motion, filed October 27, 2007, defendant argued that he should be sentenced based on a 2006

1

Guidelines which lowered many of the offense levels applicable to possession or distribution of crack cocaine, applied to him. The Court denied the motion on the grounds that defendant was sentenced based on his involvement with a drug-related murder, not because of his offense related to crack cocaine; therefore Amendment 706 did not affect the guidelines applicable to his sentence. See Order Denying Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), filed June 11, 2008.

Defendant then filed a Motion to Rescind the Court's Order Denying Defendant's Motion under 18 U.S.C. § 3582(c), asserting that he never received a copy of the government's response and therefore did not have an opportunity to file a reply brief. The Court treated defendant's motion as a motion for reconsideration and allowed defendant to file a supplemental brief, replying to the government's response. See Order filed July 9, 2008. Defendant has now filed a supplemental brief.

### III.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Defendant has failed to satisfy this standard. As explained in the Court's June 11, 2008 order, Amendment 706 simply has no impact on defendant's sentence.

---

amendment to the application notes of U.S.S.G. § 2A1.1 which calls for a sentence of life imprisonment in a case of premeditated killing or where death results from the commission of certain felonies. The Court denied the motion. See Order filed November 29, 2007. The Court also denied defendant's motion for reconsideration. See Order filed January 9, 2008. Defendant has appealed this order.

Moreover, defendant's arguments regarding an ex post facto problem lack merit.

  SO ORDERED.


               s/Avern Cohn
               AVERN COHN
               UNITED STATES DISTRICT JUDGE

Dated: July 22, 2008


I hereby certify that a copy of the foregoing document was mailed Gregory Brown, Reg No 07163-041, FCI Memphis, Box 34550, Memphis, TN 38184 and to the attorneys of record on this date, July 22, 2008, by electronic and/or ordinary mail.

               s/Julie Owens
               Case Manager, (313) 234-5160