UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROWN,

    Petitioner,

vs.                                                  Civil Case No. 02-CV-70056
                                                  Crim. Case No. 92-CR-81127

UNITED STATES OF AMERICA,

                                                  HON. AVERN COHN

    Respondent.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Doc. 2136) AND DENYING A CERTIFICATE OF APPEALABILITY

I.

In 2002, Petitioner Gregory Brown (Petitioner) filed a motion under 28 U.S.C. § 2255 raising several challenges to his conviction, including (1) ineffective assistance of counsel, (2) that his CCE conviction is unconstitutional, (3) that the Indictment was defective and/or the Court lacked subject matter jurisdiction over the Indictment, and (4) that the Court lacks subject matter jurisdiction because he was charged with intrastate murders rather than interstate murders. The Court denied Petitioner's claims on the merits. See Memorandum and Order Denying Motion under 28 U.S.C. § 2255 dated April 26, 2002. (Doc. 1885). The Court of Appeals for the Sixth Circuit denied a certificate of appealability. (Doc. 1901) The Supreme Court denied certiorari in June of 2003. (Doc. 1904). Before the Court is Petitioner's "Motion for Relief from Judgment," filed on April 12, 2013. (Doc. 2136). For the reasons that follow, the motion is DENIED.

II.

After the Court denied Petitioner's § 2255 motion in 2002, Petitioner has filed several motions with the Court challenging his conviction. In lieu of setting forth the various motions and Petitioner's related appeals, attached as Exhibit A is a copy of the docket sheet entries since the Court's April 26, 2002 decision denying his § 2255 motion.

III.

In Fed. R. Civ. P. 60(b) provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) must be filed within a reasonable time and for reasons under subsections (1), (2) and (3), "no more than one year after entry of the judgment or order or the date of the proceedings." Fed. R. Civ. P. 60(c). A true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). In a habeas case, when "[a] Rule 60(b) motion ... attempts 'to add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion.'" In re Nailor, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing Gonzalez, 545 U.S. at 532, 125 S.Ct. 2641). A Rule

2

60(b) motion that attacks the resolution of a former claim on the merits will also be considered a section 225 motion. <u>Id</u>. at 1023. A successive motion to vacate that is simply labeled as a Rule 60(b) motion should be transferred to the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631; <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997).

IV.

As an initial matter, Petitioner's motion was filed almost 11 years after the Court denied his § 2255 motion. This is not within a reasonable time. Although Petitioner says that he only recently became able to articulate the grounds for relief, Petitioner's explanation fails to convince the Court that his motion was filed within a reasonable time. This is particularly so given that Petitioner has filed similar motions over the years.

Second, the motion fails on the merits. Petitioner appears to invoke subsection (b)(6) as a ground for relief. Relief under Rule 60(b)(6), however, requires a showing of "extraordinary circumstances." Petitioner's contention that the Court erred in the manner in which it addressed his ineffective assistance of counsel claim is not an extraordinary circumstance for 60(b) relief. In other words, Petitioner has not, and cannot, contend that the Court failed to address his ineffective assistance of counsel claim. The Court did address the claim, finding it lacked merit. That Petitioner is unhappy with the Court's treatment of his claim is not grounds for 60(b) relief. Petitioner again continues to argue that his conviction was based on a defective indictment and his counsel was ineffective for failing to argue that issue. As the Court has explained

many times before in denying Petitioner's motions since 2002, this argument has no merit. Nothing in Petitioner's current 60(b) motion changes that conclusion.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). Reasonable jurists would not debate whether Petitioner's 60(b) motion deserves to proceed further. Accordingly, a COA is DENIED. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000).

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 16, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 16, 2013, by electronic and/or ordinary mail.

  S/Sakne Chami
Case Manager, (313) 234-5160