UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BROWN,

     Petitioner,

vs.

UNITED STATES OF AMERICA,

     Respondent.

_____/

Civil Case No. 02-CV-70056
Crim. Case No. 92-CR-81127

HON. AVERN COHN

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (Doc. 2138)

I.

In 1996, Petitioner was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c).  Petitioner was sentenced to life imprisonment.  Petitioner's convictions and sentence were affirmed on appeal.  United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished).  The United States Supreme Court denied certiorari.  Brown v. United States, No. 00-7007 (Dec. 11, 2000).

In 2002, Petitioner filed a motion under 28 U.S.C. § 2255 raising several challenges to his conviction, including (1) ineffective assistance of counsel, (2) that his CCE conviction is unconstitutional, (3) that the Indictment was defective and/or the Court lacked subject matter jurisdiction over the Indictment, and (4) that the Court lacks

subject matter jurisdiction because he was charged with intrastate murders rather than interstate murders. The Court denied Petitioner's claims on the merits. (Doc. 1885). The Court of Appeals for the Sixth Circuit denied a certificate of appealability. (Doc. 1901) The Supreme Court denied certiorari in June of 2003. (Doc. 1904).

Thereafter, Petitioner filed several motions in this Court challenging his conviction and sentence. All of them were denied. Petitioner took an appeal from at least some of the denials; the Sixth Circuit has affirmed all of the Court's decisions.

Most recently, on April 12, 2013, Petitioner filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). (Doc. 2136). The Court denied the motion as untimely and for lack of merit. (Doc. 2137). Before the Court is Petitioner's "Motion to Alter or Amend Judgment," in which he seeks reconsideration of the Court's denial of his Rule 60(b) motion. For the reasons that follow, the motion is DENIED.

II.

The Court construes Petitioner's motion as a motion for reconsideration under E.D. Mich LR 7.1(g),[1] which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Petitioner fails to satisfy this standard. Petitioner again argues that there was "misconduct" during his trial and that the indictment was defective. These, and

---

[1]Fed. R. Civ. P. 59(e) pertains to motions to alter or amend a judgment. Because Petitioner is asking the Court to reconsider its reasons for denying his Rule 60(b) motion, the motion is brought as a motion for reconsideration.

2

Petitioner's other arguments, have been considered and rejected by the Court and the Sixth Circuit.  Petitioner has therefore failed to demonstrate a palpable defect by which the Court has been misled or otherwise show that the Court's decision denying his motion under Rule 60(b) was entered in error.  Moreover, absent new evidence or a change in controlling law, neither of which is present here, the Court lacks the power to revisit a judgment that has been affirmed by the Sixth Circuit.  Keith v. Bobby, 618 F.3d 594, 600–01 (6th Cir. 2010); Mitchell v. Rees, 261 F. App'x 825, 828 (6th Cir. 2008).

Accordingly, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  May 31, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 31, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160

3