UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES O AMERICA,

    Plaintiff/Respondent,

vs.

GREGORY BROWN,

    Defendant/Petitioner.

_____/

Crim. Case No. 92-CR-81127

HON. AVERN COHN

**ORDER CONSTRUING DEFENDANT/PETITIONER'S LETTER (Doc. 2202) AS A MOTION UNDER 28 U.S.C. § 2255
AND TRANSFERRING THE MATTER TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

I.

This is a criminal case that has long since closed. In 1997, defendant/petitioner Gregory Brown (Brown) was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Brown was sentenced to life imprisonment. He appealed. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Thereafter, Brown filed multiple post conviction motions, including two motions under 28 U.S.C. § 2255. See Docs. 1870, 1975. The Court denied Browns' first motion for lack of merit. (Doc. 1885). The Sixth Circuit declined to grant Brown a certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901). As to Brown's second motion, Doc. 1975, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976). The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

Before the Court is a letter from Brown dated November 19, 2014 which he asks to be construed as a motion. So construed, the letter is Brown's third motion under § 2255. Brown argues that his trial counsel was ineffective in advising him to proceed to trial rather than accept the government's plea offer.

II.

Before a successive motion to vacate sentence is filed in a federal district court, Petitioner must first file a motion with the appropriate court of appeals requesting permission to file a second or successive motion to vacate sentence. 28 U.S.C. § 2244(b)(3); see also In Re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Where, as here, a successive motion to vacate sentence is erroneously filed with the district court, the district court is required to transfer the motion to the court of appeals under 28 U.S.C. § 1631. Id. (citing In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997)). A district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

Accordingly, the Court TRANSFERS this matter to the Sixth Circuit under 28 U.S.C. § 1631 for a determination of whether Brown is entitled to a certificate of authorization to file a successive motion to vacate under § 2255.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  December 3, 2014
       Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 3, 2014, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160