UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

GREGORY BROWN,

    Defendant/Petitioner.
_____/

Crim. Case No. 92-CR-81127

HON. AVERN COHN

## ORDER DENYING MOTION TO REOPEN (Doc. 2217)

I.

This is a criminal case that has long since closed. In 1997, defendant/petitioner Gregory Brown (Brown) was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Brown was sentenced to life imprisonment. He appealed. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Thereafter, Brown filed multiple post conviction motions, including two motions under 28 U.S.C. § 2255. See Docs. 1870, 1975. In 2002, the Court denied Browns' first motion for lack of merit. (Doc. 1885). The Sixth Circuit declined to grant Brown a

certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901). As to Brown's second motion, Doc. 1975, filed in 2006, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976). The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

More recently, on November 21, 2014, Brown filed a letter with the Court stating in part to "[P]lease construe this letter as a motion liberally submitted under the appropriate legal framework." (Doc. 2202). However, Brown did not cite any statute or rule under which he intended his motion be construed. The Court construed the letter as a motion under § 2255. Significantly, Brown argued that his trial counsel was ineffective in advising him to proceed to trial rather than accept the government's plea offer. A claim of ineffective assistance of counsel is properly brought under § 2255. Because it was Brown's third § 2255 motion, the Court transferred it to the Court of Appeals for the Sixth Circuit as a successive petition. (Doc. 2203)

On December 16, 2014, Brown filed a paper styled "Letter in Opposition to Characterization as Motion under § 2255 and Transference to Court of Appeals." (Doc. 2204). As the title implies, Brown argues that the Court should not have construed his November 21, 2014 as a motion under § 2255 and instead should have construed it as a motion under "Fed. R. Civ. P. 60(b)(4) (6)."

Although the Court believes Brown's letter was clearly a third attempt at a motion under § 2255 and properly transferred, it afforded Brown's papers a liberal construction and assumed his November 21, 2014 letter was in fact a motion under Rule 60(b). The Court denied relief on the grounds the motion was untimely and failed to meet the requirements of Rule 60(b). (Doc. 2205).

2

Meanwhile, the Sixth Circuit has denied Brown permission to file a successive petition.  See Doc. 2208.  Brown has also filed a notice of appeal from the denial of his Rule 60(b) motion.  (Doc. 2209).

Before the Court is Brown's motion to reopen, in which he again asks the Court to consider the merits of his claim that his trial counsel was ineffective.  (Doc. 2217).

The motion is DENIED.  Construing it as a motion for reconsideration of the Court's order denying him Rule 60(b) relief, nothing in Brown's filing shows that the Court erred in its decision.  See E.D. Mich. LR 7.1(h)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2015
      Detroit, Michigan