UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.

                                                    Crim. Case No. 92-CR-81127

GREGORY BROWN,

                                                  HON. AVERN COHN

      Defendant/Petitioner.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY FROM THE COURT'S JANUARY 16, 2015 ORDER

I.

This is a criminal case that has long since closed. It has been made complicated by defendant/petitioner Gregory Brown's (Brown) multiple filings and subsequent appeals. This matter is on remand from the Court of Appeals for the Sixth Circuit for a determination of whether to grant a certificate of appealability (COA) with respect to the Court's January 16, 2015 order. (Doc. 2205). As will be explained, the Court denied a COA within the body of that order. Nevertheless, in light of the remand, the Court again denies a COA. The reasons follow.

II.

Brown was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation

to a drug offense, in violation of 18 U.S.C. § 924(c).  He was sentenced to life imprisonment.  Brown appealed.  The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence.  United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished).  The United States Supreme Court denied certiorari.  Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Thereafter, Brown filed multiple post conviction motions, including two motions under 28 U.S.C. § 2255.  See Docs. 1870, 1975.  As to the first motion, filed in 2002, the Court denied it for lack of merit. (Doc. 1885).  The Sixth Circuit declined to grant Brown a certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901).  As to Brown's second motion, Doc. 1975, filed in 2006, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976). The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

On November 21, 2014, Brown filed a letter with the Court stating in part to "[P]lease construe this letter as a motion liberally submitted under the appropriate legal framework." (Doc. 2202).  However, Brown did not cite any statute or rule under which he intended his motion be construed.  The Court construed the letter as a motion under § 2255.  Significantly, Brown argued that his trial counsel was ineffective in advising him to proceed to trial rather than accept the government's plea offer. A claim of ineffective assistance of counsel is properly brought under § 2255.  Because it was Brown's third § 2255 motion, the Court transferred it to the Court of Appeals for the Sixth Circuit as a successive petition. (Doc. 2203)

On December 16, 2014, Brown filed a paper styled "Letter in Opposition to Characterization as Motion under § 2255 and Transference to Court of Appeals." (Doc.

2

2204).  As the title implies, Brown argued that the Court should not have construed his

November 21, 2014 as a motion under § 2255 and instead should have construed it as

motion under "Fed. R. Civ. P. 60(b)(4) (6)."

On January 16, 2015, the Court denied the motion, stating in pertinent part:

> Brown's letter was clearly a third attempt at a motion under § 2255 and properly
> transferred.  However, affording Brown's papers a liberal construction, and
> assuming his November 21, 2014 letter was in fact a motion under Rule 60(b), he
> is not entitled to relief.
> . . . .
> . . . .  First, the motion is untimely as it was filed fourteen years after the Court
> denied his initial § 2255 motion.  Second, the motion fails to offer newly
> discovered evidence, fraud, or otherwise present grounds for Rule.  Instead,
> Brown continues to argue that his counsel was ineffective in failing to investigate
> the record and did not provide him with good advice during plea negotiations.  So
> construed, Brown's request for relief under Rule 60(b) is DENIED.

(Doc. 2205 at p. 3-4).  Brown appealed.  (Doc. 2209).  The appeal has been docketed

as case no. 15-1354 in the Sixth Circuit.

The Court also denied a COA within the same order denying Rule 60(b) relief.

See Doc. 2205 at p. 4.  However, the Court recently received an order from the Sixth

Circuit remanding the case "to the district court for the sole purpose of determining

whether to grant or deny a certificate of appealability . . . "   See Doc. 6-1 in Brown v.

United States, No. 15-1354 (6th Cir. Sept. 22, 2015).

Brown is not entitled to a COA.  In order to obtain a COA, Brown must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Again, reasonable jurists would not debate the Court's conclusion that Brown is not

entitled to relief under Rule 60(b).  Accordingly, a COA is DENIED.

Finally, the Court also certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2015
Detroit, Michigan