UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

GREGORY BROWN,

    Defendant/Petitioner.
_____/

Crim. Case No. 92-CR-81127

HON. AVERN COHN

## ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2255 TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT (Doc. 2258)

I.

This is a criminal case that has long since closed. In 1997, defendant/petitioner Gregory Brown (Brown) was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Brown was sentenced to life imprisonment. He appealed. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Thereafter, Brown filed multiple post conviction motions, including two motions under 28 U.S.C. § 2255. See Docs. 1870, 1975. In 2002, the Court denied Brown's

first motion for lack of merit. (Doc. 1885). The Sixth Circuit declined to grant Brown a certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901). As to Brown's second motion, Doc. 1975, filed in 2006, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976). The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

Most recently, on November 17, 2016, Brown filed a "Motion to Vacate, Set Aside or Correct Sentence under § 2255." (Doc. 2258). Brown contends that he is entitled to relief on the grounds that his sentence was imposed for "juvenile crimes" and therefore violates the Supreme Court's decisions in Montgomery v. Louisiana, 136 S. Ct. 718 (2016) and Miller v. Alabama, 132 S. Ct. 2455 (2012).

This is Brown's third motion under § 2255. Under § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court is required to transfer to the Sixth Circuit any second or successive petition for habeas relief filed in the district court without authorization, pursuant to 28 U.S.C. § 1631. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).[1]

II.

---

[1] Under the rule set forth in In re Shelton, 295 F.3d 620 (6th Cir.2002), a district court normally must provide notice to the movant and an opportunity to withdraw the motion before recharacterizing a motion as a § 2255 motion. Id. at 622. However, the Sixth Circuit has held that "when . . . a movant has previously filed a § 2255 motion, the rule of In re Shelton is of no consequence." In re Nailor, 487 F.3d 1018, 1023 n.3. Because Brown has filed two prior motions under § 2255, the rule in In re Shelton does not apply.

Accordingly, because Brown's motion cannot be filed in the Court without permission from the Sixth Circuit, the Clerk of Court shall TRANSFER this motion to the Sixth Circuit to be considered as a motion for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2255(h), 2244(3)(A).

SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: January 11, 2017
       Detroit, Michigan