UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.

GREGORY BROWN,

    Defendant/Petitioner.
_____/

Case No. 92-CR-81127

HON. AVERN COHN

**ORDER DENYING PETITIONER'S MOTION IN OPPOSITION TO RE-CHARACTERIZATION OF PETITIONER'S MOTION WITHOUT NOTICE OF COURT'S ORDER BEFORE TRANSFERENCE TO THE COURT OF APPEALS (Doc. 2274)**

I.

This is a criminal case that has long since closed. In 1997, defendant/petitioner Gregory Brown (Brown) was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Brown was sentenced to life imprisonment. He appealed. The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence. United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished). The United States Supreme Court denied certiorari. Brown v. United States, No. 00-7007 (Dec. 11, 2000).

Thereafter, Brown filed multiple post conviction motions, including two motions under 28 U.S.C. § 2255. See Docs. 1870, 1975. In 2002, the Court denied Brown's

first motion for lack of merit. (Doc. 1885). The Sixth Circuit declined to grant Brown a certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901). As to Brown's second motion, Doc. 1975, filed in 2006, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976). The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

On November 17, 2016, Brown filed a "Motion to Vacate, Set Aside or Correct Sentence under § 2255." (Doc. 2258). Because the motion was clearly a second or successive motion under § 2255 (it would be Brown's third motion), the Court transferred it to the Sixth Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A).[1]

Now before the Court is Petitioner's motion in opposition to the transfer. For the reasons that follow, the motion is DENIED.

II.

Petitioner contends that the Court erred in transferring his motion before giving him notice, in contravention of the Supreme Court's decision in <u>Castro v. United States</u>, 540 U.S. 375 (2003). In <u>Castro</u>, Supreme Court held that a federal district court may not recharacterize a pro se litigant's motion as the litigant's **first motion** to vacate under 28 U.S.C. § 2255 unless the court (1) informs the litigant of its intent to recharacterize the motion, (2) warns the litigant that the recharacterization will subject subsequent § 2255 motions to the "second or successive" restrictions of § 2255 ¶ 8, and (3)

---

[1] Following the transfer of Brown's third motion to the Sixth Circuit, the Sixth Circuit issued an order denying his motion to hold the case in abeyance and motion to vacate and remand the Court's transfer order. The Sixth Circuit also reminded Brown of the need to file a corrected motion for permission to file a second or successive petition. See <u>In re: Gregory Brown</u>, No. 17-1038 (6th Cir. Feb. 10, 2017).

provides the litigant with an opportunity to withdraw or to amend the filing. Id. at 383 (emphasis added).

The requirement of notice in Castro does not apply to Petitioner's case because it was not Petitioner's first motion to vacate; it was Petitioner's third motion. See e.g., United States v. McDonald, 326 F. App'x 880, 882 n .1 (6th Cir., Apr. 17, 2009) (recognizing that the concerns underlying the Castro holding "would not be present in the instant case because ... McDonald's motion would not be his first § 2255 motion and he would already be required to seek permission from this Court to file a successive petition"); Jones v. United States, 2010 WL 1610588 at *1 (C.D.Ill., Apr.21, 2010) ("the Castro case ... applies only in regards to a warning that a district court must give a pro se petitioner about recharacterizing a filing as a first habeas petition"); Okpala v. United States, 2008 WL 192996 at *3 (N.D.Ga., Jan.22, 2008) (recognizing that "courts following Castro have uniformly held that the Castro [Court's] warn-and-allow withdrawal approach does not apply to second or successive motions to vacate").

In other words, the Court did not recharacterize Petitioner's motion as his first § 2255 motion, but instead as a second or successive § 2255 motion. The Court did not act inconsistent with Castro.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: March 7, 2017
      Detroit, Michigan