UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                                          Case No. 92-CR-81127

GREGORY BROWN,                                              HON. AVERN COHN

      Defendant/Petitioner.

_____/

## ORDER DENYING APPOINTMENT OF COUNSEL
## AND
## SETTING A BRIEFING SCHEDULE

I.

    This is a criminal case.  In 1997, defendant/petitioner Gregory Brown (Brown) was convicted by a jury of (1) conspiracy to posses with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(a)(1), (2) intentional killing, aiding and abetting, in furtherance of a continuing criminal enterprise (CCE), in violation of 21. U.S.C. § 848(e)(1)(A), and 18 U.S.C. § 2, and (3) using or carrying a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c).  Brown was sentenced to life imprisonment. He appealed.  The Court of Appeals for the Sixth Circuit affirmed his conviction and sentence.  United States v. Brown, No. 97-1618, 2000 WL 876382 (June 20, 2000) (unpublished).  The Supreme Court denied certiorari.  Brown v. United States, No. 00-7007 (Dec. 11, 2000).  As will be explained, the Sixth Circuit recently approved Brown to file a successive motion under 28 U.S.C. § 2255.  As will also be explained, the Court, although not obligated to do so, twice appointed counsel for Brown.  Both

counsel withdrew citing a breakdown in the relationship.

Before the Court is a letter from Brown which the Court construes as a request for the appointment of a third counsel.  For the reasons that follow, the request is DENIED.  The Court will also set a briefing schedule for Brown to file his § 2255 motion.

II.

Following his direct appeal, Brown filed multiple pro se post conviction motions, including two motions under 28 U.S.C. § 2255.  See Docs. 1870, 1975.  In 2002, the Court denied Brown's first motion for lack of merit. (Doc. 1885).  The Sixth Circuit declined to grant Brown a certificate of appealability, thereby affirming the denial of his motion. (Doc. 1901).  As to Brown's second motion, Doc. 1975, filed in 2006, the Court transferred it to the Sixth Circuit as a successive petition. (Doc. 1976).  The Sixth Circuit dismissed the case for lack of prosecution. (Doc. 1961).

Brown then filed another "Motion to Vacate, Set Aside or Correct Sentence under § 2255." (Doc. 2258).  Because the motion was clearly a second or successive motion under § 2255, the Court transferred it to the Sixth Circuit.  (Doc. 2271).  The Sixth Circuit granted Brown permission to file a successive motion to argue that he is entitled to relief under Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 136 S.C. 718 because he has been sentenced to mandatory life without parole based on crimes he alleges he committed as a juvenile.  (Doc. 2307).[1]

Thereafter, the Court in its discretion appointed counsel for Brown to assist in

---

[1]The Sixth Circuit initially denied Brown permission (Doc. 2306) but reconsidered its decision upon granting one of Brown's co-defendants permission to file a successive motion raising a Miller claim.

preparing a motion.  (Doc. 2302).  Counsel later moved to withdraw citing a breakdown

in the relationship.  (Doc. 2305).  The Court granted the motion.  (Doc. 2307).  The

Court then appointed a second counsel for Brown.  (Doc. 2308).  That counsel obtained

a budget and visited Brown.  That counsel also filed a motion to withdraw, stating that

Brown no longer had confidence in him and Brown intended to ask for another attorney.

(Doc. 2327) The Court granted the motion to withdraw.  (Doc. 2329)

On August 14, 2018, the Court received a letter from Brown in which he requests

a third attorney be appointed for him.

III.

Brown has no absolute right to be represented by counsel on federal habeas

corpus review.  Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 492 (6th

Cir. 1995); Sellers v. United States, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004)

"'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the

court.  It is a privilege and not a right.'"  Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th

Cir. 1987).  The Supreme Court has held that the Constitution "guarantees no right to

counsel on habeas."  Wright v. West, 505 U.S. 277, 293 (1992) (citing Pennsylvania v.

Finley, 481 U.S. 551, 555 (1987)).  The court has discretion to appoint counsel only

where the interest of justice or due process requires.  Mira v. Marshall, 806 F.2d 636,

638 (6th Cir. 1986).

IV.

Here, the Court in it discretion twice appointed counsel for Brown.  Neither due

process nor the interests of justice require appointment of a third counsel.  Moreover,

Brown has represented himself pro se throughout his post conviction proceedings.  His

3

multiple filings show that he has the ability to clearly state his arguments and claims. Brown has also indicated he is enrolled in a paralegal program in prison.  As such, the Court is satisfied that Brown can adequately represent himself.

In light of the Sixth Circuit's order granting permission to file a § 2225 motion, the Court sets the following briefing schedule:

**Brown's motion shall be filed by December 3, 2018**

**The government's response shall be filed by March 1, 2019**

**Brown may file a reply by April 30, 2019.**

SO ORDERED.


<u>S/Avern Cohn</u>
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: 9/5/2018
        Detroit, Michigan