UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---

UNITED STATES OF AMERICA,

                        Plaintiffs,                        No. 92-81127

vs.                                                      Hon. David M. Lawson

GREGORY BROWN,

                        Defendant.

---

**DEFENDANT GREGORY BROWN'S THIRD
SUPPLEMENT TO REPLY BRIEF**

---

As defense counsel is certain the Court is aware, but to complete his record, Gregory Brown, by and through his counsel, hereby submits a third supplement to his reply brief (ECF 2453), and second supplement to reply brief (ECF 2461), requesting the Court to take judicial notice of the Order in *United States v. Keith Walker*, No. 20-1555, (6th Cir. April 20, 2021).

Defendant Walker was convicted of a "covered offense" (Possession with Intent to Distribute Crack Cocaine) as well as non-covered offense (Possession with Intent to Distribute Powder Cocaine). Walker had moved for a sentence reduction under the First Step Act, but the district court denied the motion with respect to the non-covered offense.

Per the Sixth Circuit order, "the government now agrees that the district court is authorized to reduce Walker's sentence on Count 1 (non-covered offense) and moves to remand" citing to *United States v. Hudson*, 967 F. 3d 605. *United States v. Walker*, No. 20-1555, *2 (6th Cir. 2021).

The Sixth Circuit agreed with the government and found, under the reasoning in Hudson, that the district court has authority to decide if a reduction for a non-covered offense was merited as it did for the covered offense if the charges were grouped. *Walker* at \*3.

Analogous to *Walker*, Mr. Brown has asked this Court to exercise its discretion and reduce his entire sentence, since he was convicted of a covered offense and that offense is part of an aggregate sentence. Mr. Brown urges this court to consider the factors set forth in section 3553(a) to the extent that they are applicable in fashioning an appropriate sentence, including without limitation, his age at the inception of the indictment, his early childhood strife with poverty largely without parental supervision and proper guidance, and his post-rehabilitative conduct. *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020); *United Sates v. McDonel*, ---F.Supp.3d---, 20201 WL 120935 at \*5-6, 07-20189 (E.D. Mich. Jan. 13, 2021) (*appeal filed*, 21-1152).

## CONCLUSION

Mr. Brown asserts that he was convicted of a covered offense. As such, he respectfully requests this Court to grant reconsideration.

Date: July 7, 2021  Respectfully Submitted,

WILLEY & CHAMBERLAIN LLP
Attorneys for Defendant

/s/ Julia A. Kelly
_____
Julia A. Kelly (P77407)
300 Ottawa Avenue, N.W., Suite 810
Grand Rapids, Michigan 49503
(616) 458-2212
jak@willeychamberlain.com